**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10243 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00074-JAM-2 |
| v. | |
| DUANE ALLEN EDDINGS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 16, 2017**
San Francisco, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and WATTERS,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Susan P. Watters, United States District Judge for the District of Montana, sitting by designation.

Appellant Duane Allen Eddings (Eddings) challenges the 168-month sentence imposed by the district court on resentencing.

**1.**     The district court was not required to resolve controverted matters involving a twenty level enhancement for losses above $7,000,000 and an enhancement based on the number of victims under the prior Sentencing Guidelines (Guidelines).[1]  "A district court must rule on any disputed portion of the PSR or other controverted matter unless it determines that a ruling is unnecessary." *United States v. Burkholder*, 590 F.3d 1071, 1076 (9th Cir. 2010) (citation omitted).  Under the 2015 Guidelines, these enhancements were no longer applicable.  The four-level enhancement for "substantially endanger[ing] the solvency or financial security of 100 or more victims" was eliminated by the 2015

---

[1]  Eddings argues that the district court first should have calculated his 2011 Guidelines range before applying the 2015 Guidelines and that, if the district court had agreed with Eddings on the disputed fact of the number of victims whose solvency was substantially endangered, his offense level would have been lower under the 2011 Guidelines than it was under the 2015 Guidelines.  Because Eddings did not object at sentencing, we review the district court's decision to calculate the 2015 Guidelines range directly for plain error.  *See* Fed. R. Crim. P. 52(b).  Here, Eddings argued in his sentencing memorandum that the district court should apply the 2015 Guidelines in their entirety and that his sentencing level should begin at 33.  Because the district court did just what Eddings requested, and it is far from obvious that he would have benefitted by application of the 2011 Guidelines, any error did not "affect the fairness, integrity or public reputation of judicial proceedings," and so it was not plain.  *United States v. Olano*, 507 U.S. 725, 736 (1993) (alteration omitted).

2

Guidelines and only an eighteen-level enhancement applied to losses of $7,129,448.20 attributable to Eddings' conduct. U.S.S.G. § 2B1.1(b)(15)(B)(iii)(2011); U.S.S.G. Supp. to App. C., Amend. 792 (2015) (explaining that "the amendment deletes subsection [(b)(15)(B)(iii)], which provided for an enhancement where an offense substantially endangered the solvency or financial security of 100 or more victims"); U.S.S.G. § 2B1.1(b)(1)(K)(2015) (raising requisite loss amount to $9,500,000 for twenty-level increase).

2.    The record reflects that the district court did not rely on undisclosed information concerning a co-defendant's rehabilitation and restitution payments. This information was available to Eddings at sentencing, and even referenced by Eddings' counsel.

3.    The district court adequately explained its reasons for imposing a sentence at the high end of the Guidelines range. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (recognizing that "[w]hat constitutes a sufficient explanation will necessarily vary depending upon the complexity of the particular case, whether the sentence chosen is inside or outside the Guidelines,

3

and the strength and seriousness of the proffered reasons for imposing a sentence that differs from the Guidelines range"). In imposing sentence, the district court articulated that a sentence at the high end of the Guidelines range was warranted based on the trial evidence, the victims' suffering, Eddings' conduct, and the nature of the offense. Although the district court acknowledged that Eddings' co-defendant received a more lenient sentence, the district court fully explained that there was a "significant difference" between Eddings and his co-defendant regarding "acceptance of responsibility and remorse."

4.     Eddings' sentence was not substantively unreasonable. *See United States v. Martinez-Lopez*, 864 F.3d 1034, 1043 (9th Cir. 2017) (en banc) ("We afford significant deference to a district court's sentence under 18 U.S.C. § 3553 and reverse only if the court applied an incorrect legal rule or if the sentence was illogical, implausible, or without support in inferences that may be drawn from the facts in the record.") (citation and internal quotation marks omitted). The district court articulated a sound basis for Eddings' sentence due to the nature of the offense, the immense impact on victims caused by Eddings' fraud, and Eddings' conduct. The district court also reasonably concluded that any sentencing disparity between Eddings and his co-defendant resulted from the "significant difference" in

"remorse and acceptance of responsibility." *See United States v. Kleinman*, 880 F.3d 1020, 1040-41 (9th Cir. 2018), *as amended* (concluding that a within-guidelines sentence was substantively reasonable where the district court adequately addressed sentencing disparity).

**AFFIRMED.**